United States District Court
Southern District of Texas
**ENTERED**
September 08, 2026
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | | |
|---|---|---|
| ANGEL GIRON-MAYEN | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 5:26-cv-287 |
| | § | |
| MIGUEL VERGARA *et al.* | § | |
| | § | |

**ORDER**

Before the Court is Petitioner's Emergency Motion to Enforce this Court's Order, Reconsider the Remedy, and Order Related Relief (Dkt. No. 10). Following its review of his motion and the applicable law, the Court **DENIES** Petitioner's Motion (Dkt. No. 10).

## I. BACKGROUND

Petitioner, a citizen of Guatemala, entered the United States on or about May 11, 2023 (Dkt. Nos. 1 at 2; 5 at 2; 5-2 at 1). ICE detained him in January 2026, and he remains in their custody (Dkt. Nos. 1 at 2, ¶1; 5 at 2). He filed a petition for a writ of habeas corpus, seeking his immediate release or a bond hearing (Dkt. No. 1 at 10). The Court ordered Respondents to give Petitioner a bond hearing and they complied (Dkt. Nos. 7 at 1; 9 at 1). However, an Immigration Judge ("IJ") denied Petitioner bond, finding he was a flight risk (Dkt. Nos. 9 at 1; 10 at 1). Notwithstanding his bond hearing, Petitioner moves to enforce the Court's Order and for his immediate release (Dkt. No. 10 at 3).

## II. LEGAL STANDARD

"All orders and judgments of courts must be complied with promptly. *Seven Arts Filmed Ent. Ltd. v. Jonesfilm*, 538 F. App'x 444, 446 (5th Cir. 2013) (quoting *Maness v. Meyers*, 419 U.S. 449, 458 (1975)). "It is axiomatic that federal courts possess inherent power to enforce their judgments." *Thomas v. Hughes*, 27 F.4th 363, 368 (5th Cir. 2022)

(citation modified) (quoting *Peacock v. Thomas*, 516 U.S. 349, 356 (1996)). Absent this authority, "the judicial power would be incomplete and entirely inadequate to the purposes for which it was conferred by the Constitution." *Peacock*, 516 U.S. at 356.

## III. DISCUSSION

Petitioner argues the IJ "failed to provide [a] meaningful individualized determination" (Dkt. No. 10 at 2). He contests the IJ's assessment of his flight risk, arguing that the IJ did not meaningfully consider his evidence (Dkt. No. 10 at 1). Petitioner also argues that he did not have enough time to gather complete evidence for the bond hearing (Dkt. No. 10 at 2). For these reasons, Petitioner requests his immediate release. The Court declines to grant the requested relief.

### A. Bond Denial

Essentially, Petitioner argues that he was denied an adequate bond hearing (Dkt. No. 10 at 1–2). As the Court has previously observed, it lacks jurisdiction to examine Petitioner's bond denial. *See Leyva-Marce v. Noem*, 5:26-cv-75, slip op. at 6–8 (S.D. Tex. Feb. 24, 2026) (Garcia Marmolejo, J.).

The Supreme Court's "longstanding view" is that "the Government may constitutionally detain deportable aliens during the limited period necessary for their removal proceedings." *Demore v. Kim*, 538 U.S. 510, 526 (2003). Congress made clear:

> **The Attorney General's discretionary judgment regarding the application of this section shall not be subject to review**. No court may set aside any action or decision by the Attorney General under this section regarding the detention of any alien or the revocation or denial of bond or parole.

8 U.S.C. § 1226(e) (emphasis added). In other words, "district courts do not have jurisdiction to review discretionary decisions made by an IJ regarding bond." *Fuentes v. Lyons*, 808 F. Supp. 3d 733, 737 (S.D. Tex. 2025) (Saldaña, J.) (citing *Nielsen v. Preap*,

586 U.S. 392, 401 (2019)). A challenge to an IJ's bond decision is expressly barred by § 1226(e). *Makarevich v. Bondi*, No. 1:25-CV-01002-KG-JHR, 2025 WL 3653895, at *1 (D.N.M. Dec. 17, 2025); *see also Perez v. Noem*, No. SA-25-CA-01534-XR, 2025 WL 3654262, at *4 (W.D. Tex. Dec. 5, 2025) (Rodriguez, J.) (citing *Diaz Ortiz v. Smith*, 384 F. Supp. 3d 140, 144 (D. Mass. 2019)) (noting district courts lack jurisdiction to consider an IJ's discretionary decision to deny an alien bond).

Here, Petitioner fails to overcome § 1226(e) because the IJ provided him with a bond hearing and determined he was a flight risk (Dkt. Nos. 9 at 1; 10 at 1). It is not the Court's place to usurp the IJ's role in weighing the evidence as presented—specifically whether Petitioner's individualized characteristics made him a flight risk. *See Perez Sierra v. Bondi*, No. 25-CV-18829, 2026 WL 497070, at *4 (D.N.J. Feb. 23, 2026) (declining to reach IJ's discretionary decision after a bond hearing was ordered).

**B. Enforcement of Prior Order**

Simply put, the Court is perplexed as to what Petitioner seeks to enforce. The only relief the Court granted in its Order was a bond hearing (*see* Dkt. No. 7). Petitioner concedes Respondents provided him with a bond hearing (Dkt. No. 10 at 1). Accordingly, Respondents did not fail to perform the act ordered, and the Court rejects Petitioner's invitation to expand its Order and release him.

## IV. CONCLUSION

For the foregoing reasons, Petitioner's Emergency Motion to Enforce this Court's Order, Reconsider the Remedy, and Order Related Relief (Dkt. No. 10) is **DENIED**.

It is so **ORDERED**.

**SIGNED** September 8, 2026.

Marina Garcia Marmolejo
United States District Judge